# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Nan R. Nolan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2526 | **DATE** | 5/1/2001 |
| **CASE TITLE** | Schluter vs. Principal Life | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: Defendant Principal's Motion for Summary Judgment [11-1] is granted and Plaintiff Schluter's Motion for Summary Judgment [14-1] is denied. The Clerk is directed to enter judgment in favor of Defendant and against Plaintiff.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 2 | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAY 02 2001 date docketed | 24 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| ✓ | Mail AO 450 form. | | 5/1/2001 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| KMc | courtroom deputy's initials | 01 MAY -1 PM 4:26 Date/time received in central Clerk's Office | KMc6 mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| WHITNEY SCHLUTER, a minor, by her mother and next friend, DARLENE E. SCHLUTER, | ) ) ) |
| Plaintiff, | ) ) Case No. 00 C 2526 |
| vs. | ) ) Magistrate Judge Nolan ) |
| PRINCIPAL LIFE INSURANCE CO., | ) ) |
| Defendant. | ) |

DOCKETED MAY 0 2 2001

## MEMORANDUM OPINION AND ORDER

Plaintiff Whitney Schluter ("Schluter") challenges Defendant Principal Life Insurance Company's ("Principal") denial of dental benefits under an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Cross-motions for summary judgment are pending. For the reasons explained below, Defendant's Motion for Summary Judgment [#11] is GRANTED and Plaintiff's Motion for Summary Judgment [#14] is DENIED.

## I. FACTS

The following facts are taken from the parties' Local Rule 56.1 Statements and exhibits and are undisputed for purposes of summary judgment unless indicated otherwise. Schluter is a minor who resides with her mother, Darlene E. Schluter, in DuPage County, Illinois. Defendant's Resp. to Plaintiff's Statement of Material Facts ¶ 1. Principal is an Iowa corporation with its principal place of business in Des Moines, Iowa. Id. ¶ 2.

Schluter injured her jaw and teeth when she fell off her bicycle on September 2, 1992. Plaintiff's Resp. to Def's Statement of Uncontested Facts ¶ 3. At the time of the injury, Schluter was 12 years old. Plaintiff's Exh. A, p. 13. Given Schluter's young age at the time of the accident, reconstructive surgery could not be performed at that time. Id. at pp. 6-7, 12, 13. Schluter was still growing and required fusion of the growth plates in her mouth before surgery. Id. One of Schluter's medical providers explained:

> Reconstructive surgery is unable to be completed until the patient has stopped growing, thus explaining why the surgical therapy had to be delayed until this time. Completing surgery prior to her reaching her full growth would cause the surgery to have to be performed a second time, which cannot be considered as beneficial to my patient.

Id., p.12. A second medical provider stated: "Treatment at the time of the injury would certainly not have been in Whitney's best interest. In fact, it would have been a gross mistreatment. This has been well documented within the dental literature." Id., p. 13. By January of 1998, Schluter had sufficiently matured to a point where she was able to undergo the reconstructive surgery and restoration. Id., pp. 6-7. Schluter underwent surgery for the injury in 1999, seven years after the bicycle accident. Plaintiff's Resp. to Def's Statement of Uncontested Facts ¶ 3.

The Plan provides certain limited medical benefits, including coverage for "dental services to repair damage to the jaw and sound natural teeth, if the damage is the direct result of an accident (but did not result from chewing) and if the dental services are completed within six months after the accident." Plaintiff's Resp. to Def's Statement of Uncontested Facts ¶ 2. Principal denied coverage for the surgery because it was not completed within six months after the accident. Plaintiff's Resp. to Def's Statement of Uncontested Facts ¶ 4; Plaintiff's Exh. A, pp. 11, 19-20, 34. Principal has previously stated that it does not question the medical necessity of the services or the fact that they could not be completed within six months of the accident date. Plaintiff's Exh. A, pp. 11, 19-20, 34.

Schluter twice appealed Principal's denial of coverage: first, through the Illinois Department of Insurance and second, through Principal while represented by counsel. Plaintiff's Resp. to Def's Statement of Uncontested Facts ¶ 5. Principal conducted a separate review of the claim for each appeal but determined that no coverage exists under the plain language of the Plan. Id. Schluter filed this action to obtain benefits under the Plan. Id. ¶ 6.

## II. **DISCUSSION**

Federal Rule of Civil Procedure 56 mandates the entry of summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Schluter appears to bring this action pursuant to 29 U.S.C. § 1132(a)(1)(B) to recover benefits due under the terms of the Plan. In Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989), the Supreme Court held, consistent with trust principles, that "a denial of benefits challenge under § 1132(a)(1)(B) is to be reviewed under a de novo standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." If such discretion is given, the "arbitrary and capricious" standard of review applies. Id. at 111.

In the present case, the Plan states that the plan administrator has the "complete discretion to construe and interpret all provisions, including ambiguous provisions, if any, to determine eligibility for benefits, and to determine the type and extent of benefits, if any, to be provided." This language grants the plan administrator with discretion to determine participants' eligibility for benefits. Principal's decision will therefore be reviewed only to determine whether it was made in an arbitrary and capricious manner.

3

"A decision is arbitrary or capricious only when the decision maker 'has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence . . . ., or is so implausible that it could not be ascribed to difference in view or the product of . . . expertise.'" Trombetta v. Cragin Federal Bank for Savings Employee Stock Ownership Plan, 102 F.3d 1435, 1438 (7th Cir. 1997). A plan administrator's decision is not arbitrary or capricious "if it is possible to offer a reasoned explanation, based on the evidence, for that decision." Id. at 1438. Schluter must show that the plan administrator's decision was "downright unreasonable." Chojnacki v. Georgia-Pacific Corp., 108 F.3d 810, 816 (7th Cir. 1997).

"It is well established that it is the language of an ERISA plan that controls." Cozzie v. Metropolitan Life Ins. Co., 140 F.3d 1104, 1109 (7th Cir. 1998). Here, the Plan unambiguously provides that it will cover dental services to repair damage caused by an accident if the services are "completed within six months after the accident." It is undisputed that Schluter's dental surgery did not occur within six months of the bicycle accident causing the injury. Rather, the surgery was performed approximately seven years after the accident. The plan administrator's denial of benefits was neither arbitrary nor capricious.

The fact that surgery could not be performed during the six-month period after the accident does not change the result. In the similar case of Couri v. Guardian Life Ins. Co., 953 F. Supp. 212 (N.D. Ill. 1996), plaintiff's son was involved in an accident and injured his teeth and mouth. The treating physicians informed plaintiff that his son would need surgery, but that a major portion of the surgery and additional medical treatment could not be performed for approximately one year because the injuries had to heal before additional surgery could be safely performed. The plan provided in relevant part: "We also cover treatment of an injury to natural teeth or the jaw, but only if: . . . (c) all treatment

4

is finished within six months of the date of the injury." Defendant denied plaintiff's claims for his son's proposed surgery and treatment because the treatment would not be completed within six months of the original accident. The district court rejected plaintiff's argument that defendant's denial of benefits was arbitrary and capricious because treating physicians and dentists advised plaintiff that much of the surgery and additional medical treatment could not be performed for about a year because of certain medical risks:

> Although emotionally provoking, this argument is insufficient to preclude summary judgment. Defendant's Group Health Plan, like most health insurance plans, provides limited coverage. All medical and dental procedures performed at all times for all insured are not covered. The court does not find arbitrariness and caprice in defendant's decision for these reasons.

Id. at 215. Likewise, Schluter's argument that treatment during the six months after the accident would have been medically unsound does not provide a legitimate basis for overturning the plan administrator's denial of benefits.[1]

Schluter also alleges that Principal breached its fiduciary duty by "interpreting the Plan so as to deny the claim because the treatment was not completed within six months of the accident, even

---

[1] The Couri court denied the plan administrator's summary judgment motion on other grounds which are inapplicable here. First, the Couri court afforded the plan administrator's decision less deference than normally given under the arbitrary and capricious standard of review because the plan administrator was also the insurer funding the plan which created a conflict of interest. Since the Couri decision, the Seventh Circuit has held that the fact that an administrator also acts as insurer of the plan does not, standing alone, constitute a conflict of interest. Cozzie, 140 F.3d at 1108. The Seventh Circuit has also made clear that a fiduciary is presumed to have acted neutrally "unless a claimant shows by providing specific evidence of actual bias that there is a significant conflict." Mers v. Marriott Int'l, 144 F.3d 1014, 1020 (7th Cir. 1998). Here, Schluter does not claim that Principal operated under a conflict of interest and has offered no evidence that a conflict exists. The Couri court also denied summary judgment in favor of the administrator because the six-month provision contradicted other policy language. Schluter has not presented and the Court has not found any similar ambiguity in the Principal Plan. Finally, the Couri court held that a genuine dispute of material fact existed concerning whether the administrator failed to follow its own notification procedures and if so, whether its delay was so excessive that it constituted arbitrary and capricious conduct. In the present case, Schluter does not claim that Principal failed to follow it own notification procedures.

5

though completion of treatment within six months would have been medically irresponsible." Cmplt. ¶ 12. Schluter fails to identify which section of ERISA supports her claim of breach of fiduciary duty. ERISA Section 502(a)(2) provides a cause of action for breach of fiduciary duty. However, the Supreme Court held in Massachusetts Mutual Life Insurance Co. v. Russell, 473 U.S. 134, 140, 144 n.9 (1985), that actions for breach of fiduciary duty under §§ 409 and 502(a)(2) must "be brought in a representative capacity on behalf of the plan as a whole" and any recovery goes to the plan and not the individual beneficiary or participant. According to the Supreme Court, the ERISA "draftsmen were primarily concerned with the possible misuse of plan assets, and with remedies that would protect the entire plan, rather than with the rights of an individual beneficiary." Id. at 142. Schluter asserts only a claim for her individual benefits and not a claim on behalf of the Plan as a whole. Thus, Schluter fails to state a claim under § 502(a)(2).

Section 502(a)(3) is the only other section of ERISA which would possibly allow Schluter to bring an action for individual relief for breach of fiduciary duty. Section 502(a)(3) authorizes, among other things, lawsuits for individual equitable relief for breach of fiduciary obligations. Varity Corporation v. Howe, 516 U.S. 489, 507-515. (1996). In the present case, Schluter seeks only the denied dental benefits, attorney's fees, and costs, not equitable relief. Because the relief sought by Schluter is not available under Section 502(a)(3), she fails to state a claim under that section of ERISA.

Even if Schluter sought equitable relief, equitable relief is not appropriate in this case. The Supreme Court has explained that "where Congress elsewhere provided adequate relief for a beneficiary's injury, there will be no need for further equitable relief, in which case such relief normally would not be 'appropriate.'" Id. at 515; see also Wilkins v. Baptist HealthCare Sys., Inc., 150 F.3d 609, 615 (6th Cir. 1998) ("The Supreme Court clearly limited the applicability of § 1132(a)(3) to beneficiaries who may not avail themselves of § 1132's other remedies."). The Supreme Court further

6

stated that the "catchall" provisions of § 502(a)(3) "act as a safety net, offering appropriate equitable relief for injuries caused by violations that § 502 does not elsewhere adequately remedy." Varity, 516 U.S. at 512. The Varity Corp. court concluded that relief under § 502(a)(3) was "appropriate" in that case because the plaintiffs could not proceed under any other section of ERISA and would be without a remedy if relief under § 502(a)(3) was denied. Id. Schluter could not seek equitable relief under § 502(a)(3) because she is provided adequate relief by her right to bring a claim for denial of benefits under § 502(a)(1)(B).

## III.  CONCLUSION

For the reasons set forth above, Principal's Motion for Summary Judgment is GRANTED and Schluter's Motion for Summary Judgment is DENIED. The Clerk is directed to enter judgment, pursuant to Fed. R. Civ. P. 58, in favor of Defendant and against Plaintiff. The parties are directed to follow the Local Rules regarding costs and attorney's fees. Defendant's fee motion shall address whether it is entitled to an award of fees as well as the amount of fees sought.

ENTER:

Nan R. Nolan
United States Magistrate Judge

Dated: 5-1-2001